# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY GRIGGS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>DEPT. OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | CASE NO. 12cv620-MMA (KSC)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　Plaintiff Kimberly Griggs filed this action on March 12, 2012, along with a motion for leave to proceed *in forma pauperis*. Plaintiff appears to be challenging the termination of her benefits under the Social Security Act. As discussed below, Plaintiff's complaint will be dismissed because it fails to state a claim. However, Plaintiff will be granted leave to file an amended complaint.

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

　　Plaintiff has filed a motion requesting leave to proceed *in forma pauperis*, without prepayment of the filing fee. Ordinarily, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in*

1    *forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

2         Plaintiff states that she is currently unemployed, and has been unemployed for approximately
3 two decades. She receives $200 per month in food stamps, but has no other income or assets.
4 Plaintiff has demonstrated she lacks the financial resources to pay the required filing fee. As such,
5 the Court finds that Plaintiff satisfies the requirements to proceed *in forma pauperis* and **GRANTS**
6 her motion.

7                         <u>**SUA SPONTE SCREENING OF PLAINTIFF'S COMPLAINT**</u>

8         *1.  Screening Standard*

9         Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an
10 initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint
11 or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to
12 state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is
13 immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to
14 state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can
15 be cured by amendment.

16         A complaint must contain "a short and plain statement of the claim showing that the pleader
17 is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
19 do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v.*
20 *Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as
21 true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting
22 *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not.
23 *Id*. A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which
24 relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of
25 the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73
26 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log*
27 *Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

28         In reviewing a complaint under this standard, the Court must accept as true the allegations of

the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

    2.    *Plaintiff's Complaint*

Plaintiff's complaint is single page, handwritten, in which she indicates her benefits were terminated due to her incarceration. She states that she re-applied for benefits, but her application(s) was denied. According to Plaintiff, she previously received benefits from 1991 through 2001, and in 2005.

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. at 45-46. Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

In this case, Plaintiff has indicated that she is appealing a denial of her application(s) for benefits, but she has not provided any substantive reasons for doing so, nor has she identified any errors in any decision rendered by an Administrative Law Judge ("ALJ"). Nor has Plaintiff provided any dates related to her application or applications for benefits and the denials related thereto. Therefore, it is impossible for the Court to determine whether Plaintiff pursued benefits through the required and necessary administrative channels, and if she did, whether her filing is timely. Upon receiving a denial of benefits, a plaintiff has sixty days to file an appeal with the Appeals Council. 20 C.F.R. §§ 404.967, 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 C.F.R. § 404.979. It may also remand the case. 20 C.F.R. § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20

1 C.F.R. §§ 422.210, 404.981. As such, prior to filing an appeal in federal court, Plaintiff must establish that an appeal with the Appeals Council was filed. Any complaint filed in federal district court must then be filed within sixty days of the Appeals Council's decision. Plaintiff has failed to demonstrate that she filed an appeal with the Appeals Council, and makes no mention of its decision or the outcome. Any amended complaint must establish that the case is properly before this Court and that it is timely.

### 3.  *Leave to Amend the Complaint*

Although Plaintiff's complaint contains deficiencies as outlined above, the Court will grant Plaintiff leave to file an amended complaint. If Plaintiff decides to file an amended complaint, she is reminded that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Court advises Plaintiff that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

### CONCLUSION

Based on the foregoing, the Court **DISMISSES** Plaintiff's complaint without prejudice and with leave to amend. Plaintiff's amended complaint is due within thirty (30) days of the date of this Order.

**IT IS SO ORDERED**.

DATED: March 16, 2012

Hon. Michael M. Anello
United States District Judge